**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHICAGO TITLE INSURANCE COMPANY,<br><br>     Plaintiff,<br><br>v.<br><br>EARNSPARK GLOBAL CONCERNS, and CITIBANK, N.A., a nominal defendant, | CIVIL ACTION NO.  1:26-cv-01155<br><br>**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND FOR EXPEDITED DISCOVERY** |

Plaintiff Chicago Title Insurance Company ("Plaintiff") moves, pursuant to Fed. R. Civ. P. 65, for a temporary restraining order ("TRO") and preliminary injunction ordering Citibank, N.A. ("Citibank") to: (1) freeze the account at Citibank ending in 9295 in the name of by "Earnspark Global Concerns" (the "Fraudulent Account") into which monies were fraudulently diverted and any other account at Citibank into which funds were transferred or diverted; (2) enjoin any further banking activity in that account and any other accounts at Citibank into which funds were transferred until further Order of Court; (3) enjoin Citibank from permitting any withdrawals or transfers of funds in any of those accounts so as to preclude Earnspark Global Concerns ("Earnspark") and its officers, directors, employees, owners, and agents (collectively with Earnspark, the "Earnspark Bad Actors") from withdrawing any funds from those accounts until further Order of Court, except that Citibank be ordered to return the funds pursuant to the existing recalls; and (4) order Citibank to trace any funds that may have left the account.  Plaintiff also moves, pursuant to Federal Rule of Civil Procedure 26(d) and Local Rule 16(f), for leave to serve early, expedited discovery.  In support of this Motion, Plaintiff shows as follows:

1. Plaintiff filed a Verified Complaint against Earnspark Global Concerns ("Earnspark") and Citibank seeking, *inter alia*, the issuance of an Order for injunctive relief to

enjoin the dissipation of assets obtained by Earnspark and its agents, representatives, or associates from the fraudulent diversion of the proceeds from the refinance of certain property and sale of certain assets ("Sales Proceeds") in which Plaintiff acted as the disbursing agent. The allegations of the Verified Complaint are incorporated herein by reference.

2.      Citibank has been named as a nominal defendant in this action solely due to the fact that it maintains custody and control over a bank account into which the Sales Proceeds were fraudulently diverted through the use of fraudulent wire instructions and other fraudulent communications, as described in the Verified Complaint and the Declaration of Sharon Hughes, attached hereto as **Exhibit A**.

3.      At this point, Plaintiff seeks no relief from Citibank as a nominal defendant other than an Order freezing the account into which the monies were fraudulently diverted and enjoining any further banking activity in that account, as well as enjoining activity in any and all other accounts into which proceeds from the fraudulent diversion were placed, until further Order of Court.

4.      In connection with the filing of this motion, and pursuant to Rule 65(b)(1)(B), undersigned counsel for Plaintiff certifies that notice of this Motion will be provided to Citibank via hand delivery of the Verified Complaint and this Motion to Citibank's registered agent in New York.

5.      In the event that Citibank does not respond, Plaintiff requests that the Court grant *ex parte* injunctive relief under Fed. R. Civ. P. 65(b)(1) for the reasons explained in the brief filed in support of this motion.

6.      If notice of these proceedings is provided to Earnspark prior to the issuance of a temporary restraining order, it is extremely likely that monies may be transferred, hidden or

disposed of by Earnspark, its agents, representative, or associates.

7.      Plaintiff has shown a likelihood of success on the merits.   As shown in Plaintiff's Verified Complaint, Earnspark and its agents, representatives, and associates, through fraudulent emails and communications, caused the transfer of funds to be diverted to an improper and fraudulent account.

8.      Plaintiff is without an adequate remedy at law in this matter, as dissipation of the fraudulently diverted funds may render the funds practically unrecoverable.

9.      Greater harm will result from the denial of the injunction than from the grant of the injunction.

10.      Plaintiff will suffer immediate and irreparable harm if Earnspark and its agents, representatives, and associates are not enjoined from dissipating assets obtained through the fraud, and if Earnspark is not directed to freeze any accounts into which the Sales were placed, including but not limited to Citibank account number ending in 9295 in the name of Earnspark Global Concerns.

11.      Earnspark will suffer no harm from *ex parte* relief in that (i) Earnspark and its agents, representatives, and associates have no legitimate claim to the monies sought to be preserved herein, and (ii) the funds will be preserved during the pendency of these proceedings. Therefore, the balance of equities weighs in favor of granting this temporary restraining order and preliminary injunctive relief.

12.      Granting the preliminary relief requested is in the public interest, as Earnspark has no right to benefit from the fraudulently diverted funds at the expense of the legitimate parties to the transaction and such conduct should properly be prohibited.

13.      Additionally, as set forth in the brief in support of this Motion, good cause exists to

allow early and expedited discovery to prevent irreparable harm (i.e., losing the fraudulently diverted funds forever). Plaintiff's proposed expedited requests are set forth in **Exhibit B**.

14. In support of this Motion, Plaintiff relies upon the authorities and arguments set forth in its accompanying brief in support and the allegations set forth in its Verified Complaint and in the Declaration of Sharon Hughes.

WHEREFORE, Plaintiff respectfully requests that this Court grant this Motion and issue a temporary restraining order and preliminary injunction as follows:

a. Enjoining Earnspark from engaging in any activity in connection with the monies in the account ending in 9295 at Citibank into which the fraudulent proceeds were deposited and freezing that account, and any other account at Citibank or any other banking institution into which monies were transferred, so as to preclude Earnspark from withdrawing any monies from those accounts until further Order of Court;

b. Enjoining Citibank from permitting any withdrawals or transfers of monies in any of Earnspark's accounts pending further Order of this Court, including but not limited to Citibank account number ending in 9295, except as otherwise ordered herein;

c. Enjoining Earnspark from utilizing, transferring, or in any manner disposing of any other assets which might have been acquired with the monies fraudulently obtained as set forth in Plaintiff's Verified Complaint;

d. Ordering Citibank to return the funds pursuant to the pending recalls without need for further Order of Court;

e. Ordering Citibank to trace any funds that have left the account;

f. Granting Plaintiff leave to serve early, expedited discovery; and

g.   Granting such other relief as may be appropriate and necessary.

Dated: February 11, 2026                                 Respectfully Submitted,


**FOX ROTHSCHILD, LLP**


By:    */s/ Elizabeth Viele*
        Elizabeth Viele
        Fox Rothschild LLP
        101 Park Avenue, 17th Floor
        New York, NY 10018
        Tel: (212) 878-7900
        Fax: (212) 692-0940
        *Counsel for Chicago Title Insurance*
        *Company*