## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

CHICAGO TITLE INSURANCE
COMPANY,

     Plaintiff,

v.

EARNSPARK GLOBAL CONCERNS, and
CITIBANK, N.A., a nominal defendant,

CIVIL ACTION NO. 1:26-cv-01155

**TEMPORARY RESTRAINING ORDER**

Now before the Court is Plaintiff's motion under Rule 65 of the Federal Rules of Civil Procedure for a Temporary Restraining Order and for Expedited Discovery. For the reasons set below, the Court GRANTS the motion.

Plaintiff has shown through its verified complaint that it has a likelihood of success in proving that funds wired by Plaintiff as part of a real estate refinancing transaction were fraudulently diverted by agents, representatives, or associates of Defendant Earnspark Global Concerns ("Earnspark") to a bank account at Defendant Citibank, N.A. ("Citibank") ending in 9295 in the name of "Earnspark Global Concerns" (the "Account"); that Plaintiff will suffer immediate and irreparable harm if Earnspark and its agents, representatives, and associates are not enjoined from dissipating assets from the Account obtained through the fraud, and if Citibank is not directed to freeze any accounts into which proceeds from the fraudulent diversion were placed; that the balance of harms favors Plaintiff, as Plaintiff has an interest in the funds and the Account will be preserved during the pendency of this proceeding; that it is in the public interest to enjoin activity in the Account to prevent Defendant Earnspark's gain from fraudulently diverted funds; and that because notice of these proceedings provided to Earnspark prior to the issuance of a temporary restraining order would make it likely that monies may be transferred, hidden or

disposed of by Earnspark, its agents, representative, or associates, granting this Temporary Restraining Order without notice is appropriate.

The Court therefore orders that Defendant Citibank, and its agents, employees, and representatives, is enjoined from facilitating or allowing any withdrawal, transfer, or disposition of its wired funds presently held in the Citibank account ending in ending in 9295 in the name of "Earnspark Global Concerns", and any and all accounts into which those funds were transferred, and Citibank is required to maintain the funds in the Account, and any other accounts at Citibank into which monies from the Account may have been transferred, until further Order of the Court, unless and until Citibank transfers and returns the funds directly to Plaintiff (from whom the funds were received). Citibank is hereby directed to return the funds pursuant to the existing wire recalls without need for further Order from this Court and is further ordered to trace all funds that may have left the subject account.

It is further ordered that Plaintiff's Motion for Expedited Discovery is hereby GRANTED. Plaintiff is granted leave to serve Citibank with the proposed Requests for Production of Documents attached to its Motion as Exhibit B. Citibank is hereby ORDERED to respond to those discovery requests and to produce any non-privileged documents responsive thereto upon Plaintiff within three (3) days of the date of service.

This Temporary Restraining Order shall expire at such time that a motion for preliminary injunction may be heard and not later than February 25, 2026, unless extended for good cause shown or as otherwise provided by Rule 65 of the Federal Rules of Civil Procedure.

The hearing scheduled for February 12, 2026 will proceed as scheduled, and any necessary modifications to this order can be addressed at that juncture.

IT IS SO ORDERED.

_____

United States District Judge
February 11, 2026